**PARR BROWN GEE & LOVELESS, P.C.**

David C. Reymann (Utah Bar No. 8495)
Sean M. Sigillito (Utah Bar No. 20101)
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
dreymann@parrbrown.com
ssigillito@parrbrown.com

*Counsel for Defendants*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

William Michael (*pro hac vice* pending)
Brette Tannenbaum (*pro hac vice* pending)
Nina Kovalenko (*pro hac vice* pending)
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
wmichael@paulweiss.com
btannenbaum@paulweiss.com
nkovalenko@paulweiss.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARKETDIAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLIED PREDICTIVE TECHNOLOGIES, INC.; and MASTERCARD INCORPORATED, <br><br> Defendants. | **DEFENDANTS' MOTION TO STAY** <br><br> Case No. 2:26-cv-00173-CMR <br><br><br> Chief Magistrate Judge Cecilia M. Romero |

## TABLE OF CONTENTS

RELIEF SOUGHT ........................................................................................................ 1

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF ALLEGATIONS AND PROCEDURAL POSTURE .......................... 3

ARGUMENT .............................................................................................................. 6

    I.    This Court Has Broad Authority to Issue a Stay ........................................ 6

    II.   A Stay Would Promote Judicial Economy and Avoid Possible Inconsistent Results ........................................................................................................ 7

    III.  A Stay Would Not Prejudice Plaintiff. ...................................................... 9

CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Allergy Rsch. Grp. LLC v. Rez Candles Inc.*,
2022 WL 1004214 ................................................................................................ 2, 5, 7, 8

*Belnap v. IASIS Healthcare Corp.*,
2017 WL 4351472 (D. Utah Sept. 29, 2017) ............................................................ 8

*Consumer Fin. Prot. Bureau v. Acima Holdings, LLC*,
2024 WL 4581482 (D. Utah Oct. 25, 2024).............................................................. 9

*DNA Genotek Inc. v. Spectrum Sols. L.L.C.*,
2023 WL 3442089 ................................................................................................. 2, 3

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*,
776 F.3d 1343 (Fed. Cir. 2014) ............................................................................... 3

*GlobalTap LLC v. Smart Tap LLC*,
2015 WL 791256 ...................................................................................................... 3

*Hydro-Tech Corp. v. Sundstrand Corp.*,
673 F.2d 1171 (10th Cir. 1982) ............................................................................. 2, 7

*Jensen v. Utah Cnty.*,
2025 WL 3496597 (D. Utah Dec. 5, 2025) .......................................................... 6, 7, 9

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ................................................................................................. 6

*Pet Milk v. Ritter*,
323 F.2d 586 (10th Cir. 1963) ................................................................................. 6

*Peterson v. Harrah's NC Casino Co.*,
2024 WL 3734250 (W.D.N.C. July 12, 2024) ...................................................... 9, 10

*Thompson v. Averill*,
2025 WL 472367 (N.D. Okla. Feb. 12, 2025)........................................................... 9

*TravelPass Grp., LLC v. Benjamin & Bros., LLC*,
2017 WL 2841221 (D. Utah July 3, 2017)............................................................... 6

*United States ex rel. Vermont Nat'l Telephone Co. v. Northstar Wireless, L.L.C.*,
2017 WL 11898169 (D.D.C. Mar. 2, 2017) ........................................................... 10

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*,
2019 WL 977916 (D. Utah Feb. 28, 2019)............................................................... 6

**RELIEF SOUGHT**

Defendants respectfully seek a stay of all proceedings in this action until the resolution of the appeal of the March 25, 2025 Memorandum Decision and Order in *Applied Predictive Technologies, Inc. ("APT") v. MarketDial, Inc.*, No. 2:19-cv-00496 (D. Utah), ECF No. 708 (the "Attorney's Fees Order"), which appeal is fully briefed and pending in the Federal Circuit (*APT v. MarketDial*, No. 25-1713). As explained below, Plaintiff's Complaint relies heavily on the Attorney's Fees Order as primary support for its allegations. Consequently, any responsive pleading by Defendants, and any decision on a motion to dismiss by this Court, could be impacted by the outcome of the appeal of the Attorney's Fees Order. The temporary stay sought by Defendants would not prejudice Plaintiff, but allowing this action to proceed, only for a decision heavily relied on in Plaintiff's Complaint to be reversed or modified on appeal, could result in a significant waste of the Court's and parties' resources.

**PRELIMINARY STATEMENT**

This action alleges violations of Section 2 of the Sherman Act, wrongful use of civil proceedings, abuse of process, and tortious interference with economic relations. Plaintiff's primary theory of liability is that Defendants engaged in anticompetitive conduct by allegedly engaging in a "campaign of sham litigation" when APT sued Plaintiff and its co-founders for patent infringement and misappropriation of trade secrets. Compl. ¶ 3.[1] That theory relies heavily on the premise that the District Court, in the Attorney's Fees Order, found that APT's lawsuit had become "baseless" by the time the case reached summary judgment and accordingly ordered APT to pay

---

[1] Except when otherwise indicated, references and citations to the "Complaint" refer to the Complaint in this case, No. 2:26-cv-00173 (D. Utah), filed on February 26, 2026.

1

Plaintiff's attorney's fees. *Id.* ¶ 4. Indeed, the Complaint quotes, references, and cites the Attorney's Fees Order extensively, *see id.* ¶¶ 4, 9, 10, 29, 33, 47, 49, 62–63, 66, 73–75, 106, 133, to support the Complaint's core allegation that APT's trade secrets claims "were (1) objectively specious and (2) subjectively made in bad faith," *id.* ¶ 9 (quoting Attorney's Fees Order at 7).

The Attorney's Fees Order's conclusions regarding APT's trade secrets claims in the past litigation are essential to Plaintiff's antitrust claims in this action. Under a straightforward application of the *Noerr-Pennington* doctrine, which prohibits antitrust claims premised on alleged anticompetitive conduct consisting of "attempts to influence the government, including petitions to the courts," Defendants have immunity from Plaintiff's antitrust claims stemming from APT's past litigation. *Hydro-Tech Corp. v. Sundstrand Corp.*, 673 F.2d 1171, 1174 (10th Cir. 1982). There is a "so-called 'sham exception' to the general rule" of antitrust immunity under *Noerr-Pennington*, *id.* at 1174, that the Complaint itself effectively concedes is vital to Plaintiff's claims, *see* Compl. ¶ 4 (summarizing allegations relevant to sham exception). For the sham-litigation exception to apply, Plaintiff must demonstrate that APT's prior claims against Plaintiff were both objectively baseless and filed for an improper, anticompetitive purpose. *Allergy Rsch. Grp. LLC v. Rez Candles Inc.*, 2022 WL 1004214, at *10 (D. Utah Apr. 4, 2022) (citation omitted). Thus, if the Federal Circuit were to reverse or modify the Attorney's Fees Order's conclusion that APT's trade secrets claims "were (1) objectively specious and (2) subjectively made in bad faith," Attorney's Fees Order at 7, Plaintiff's antitrust claims could be rendered invalid as a matter of law.[2]

---

[2]    Even if the Attorney's Fees Order is affirmed, Plaintiff still cannot overcome Defendants' *Noerr-Pennington* immunity, including because Plaintiff cannot demonstrate, as it must, that APT's claims were baseless when the litigation was filed. *See DNA Genotek Inc. v. Spectrum*

Defendants have appealed the Attorney's Fees Order to the Federal Circuit in *APT v. MarketDial*, No. 25-1713. Briefing is complete, and the appeal awaits an oral argument date. Because the Attorney's Fees Order is central to Plaintiff's case, and Plaintiff heavily relies on the Attorney's Fees Order as support for the core theory of liability alleged in its Complaint, a decision in the appeal from that Order would affect the manner in which Plaintiff pleads its claims and the manner in which Defendants defend against them (assuming there is any action left to defend after the Federal Circuit renders its decision). And even if the Federal Circuit's decision does not, as a legal or practical matter, dispose of Plaintiff's claims entirely, it will have a major impact on the scope and nature of issues in dispute here. Accordingly, Defendants seek a temporary stay of proceedings in this action until the appeal is fully and finally resolved. This Court has broad discretion to enter a stay pending the resolution of that appeal, and there is every reason to exercise that discretion to enter a stay when doing so would preserve limited judicial resources, avoid the risk of inconsistent rulings, and cause no prejudice to Plaintiff.

## STATEMENT OF ALLEGATIONS AND PROCEDURAL POSTURE

Defendant APT is a consulting firm that utilizes its predictive analytics and testing software to provide businesses with actionable insights for managing risk and optimizing operations. Defendant Mastercard Incorporated ("Mastercard") operates a global payments network that facilitates and processes credit and debit transactions initiated by cardholders to purchase goods

---

*Sols. L.L.C.*, 2023 WL 3442089, at \*5 (S.D. Cal. May 2, 2023); *GlobalTap LLC v. Smart Tap LLC*, 2015 WL 791256, at \*6 (N.D. Ill. Feb. 24, 2015); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1350 (Fed. Cir. 2014). The remainder of Plaintiff's claims also fail as a matter of law. These questions will, at the least, be significantly narrowed unless the Attorney's Fees Order is upheld on appeal.

and services from merchants that accept Mastercard.  In 2015, Mastercard acquired APT, and APT remains a subsidiary of Mastercard with its own corporate identity.  *See* Compl. ¶¶ 17–18.

On June 28, 2018, APT brought an action in the District of Delaware against MarketDial and co-founder John Stoddard for patent infringement and misappropriation of trade secrets, which was later transferred to this District.  Compl. ¶ 1, *APT v. MarketDial*, No. 2:19-cv-00496 (D. Utah June 28, 2018), ECF No. 1.  Recognizing that APT's trade secrets claims were plausible on their face, the District Court denied two motions to dismiss those claims.  Mem. Decision & Order at 51, *APT v. MarketDial*, No. 2:19-cv-00496 (D. Utah Nov. 25, 2020), ECF No. 129; Mem. Decision & Order at 37, *APT v. MarketDial*, No. 2:19-cv-00496 (D. Utah Apr. 8, 2022), ECF No. 315 (unsealed version of Mar. 17, 2022 order).

On March 28, 2024, the District Court granted MarketDial's motion for summary judgment.  Mem. Decision & Order on Defs.' Mot. for Summ. J. (Am.) at 1, *APT v. MarketDial*, No. 2:19-cv-00496 (D. Utah Aug. 12, 2024), ECF No. 689 (under seal) (amended version of March 28, 2024 order).  The District Court concluded that APT "failed to sufficiently carry its burden of identifying, defining, and parsing out its claimed trade secrets" due largely to deficiencies in APT's briefing.  *Id.* at 19; *see, e.g.*, *id.* at 20 n.8 ("APT's argument that it has identified and defined protectable trade secrets is somewhat cursory, consisting of just over a page of argument."); *id.* at 30 n.20 (criticizing APT for "demonstrating a failure to grapple with its burden to show the existence of a trade secret and instead placing on this court the burden of sifting through its discovery materials to make an argument on its behalf").  As the District Court stated, "[w]hether or not . . . a trade secret could later be made out of all of this information [APT submitted] is beside the point—what matters is that APT failed to do so when opposing summary judgment."  *Id.* at 32.

4

The District Court granted MarketDial's subsequent motion for attorney's fees on March 25, 2025. Attorney's Fees Order at 1. The District Court concluded that although "APT's misappropriation claims may not have been objectively frivolous from the outset, they were objectively specious considering APT was never able to define the trade secret at the heart of its claim." *Id.* at 8. The District Court also concluded that APT engaged in subjective misconduct because it "did not take any steps to withdraw its trade secret claims when it became apparent that it had no evidence to support them." *Id.* at 9.

APT appealed the District Court's grant of summary judgment and award of attorney's fees to defendants. Notice of Appeal at 2, *APT v. MarketDial*, No. 2:19-cv-00496 (D. Utah Apr. 25, 2024), ECF No. 667; Notice of Appeal at 2, *APT v. MarketDial*, No. 2:19-cv-00496 (D. Utah Apr. 23, 2025), ECF No. 709. The Federal Circuit affirmed the District Court's summary judgment order in a nonprecedential opinion issued on January 28, 2026. Opinion, *APT v. MarketDial*, No. 24-1751 (Fed. Cir. Jan. 28, 2026), Dkt. No. 111. The separate appeal of the Attorney's Fees Order has been fully briefed and remains pending.

Plaintiff filed this action on February 26, 2026. In its Complaint, Plaintiff alleges that Defendants engaged in anticompetitive conduct by litigating *APT v. MarketDial*, No. 2:19-cv-00496 (D. Utah). *Id.* ¶ 4. Plaintiff heavily relies on the Attorney's Fees Order in support of its allegation that this separate litigation was a "sham," and that, accordingly, MarketDial's antitrust claims are not barred by *Noerr-Pennington* immunity. *See Allergy Rsch. Grp.*, 2022 WL 1004214, at *10 (outlining elements of sham-litigation exception); *see also* Compl. ¶¶ 4, 9–10, 29, 33, 47,

49, 62–63, 66, 73–75, 106, 133.[3]  Plaintiff further purports to allege that Mastercard has market power in the alleged relevant market for general purpose credit card transactions and that it used that market power to engage in anticompetitive tying by offering merchants "credit" that they may use for various Mastercard products and services, including APT's software.  *Id.* ¶¶ 12–14. Defendants' current deadline to respond to Plaintiff's Complaint is April 27, 2026.

Defendants respectfully request that this Court stay proceedings in this action until resolution of the appeal of the Attorney's Fees Order.

## ARGUMENT

### I.   This Court Has Broad Authority to Issue a Stay.

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Jensen v. Utah Cnty.*, 2025 WL 3496597, at *2 (D. Utah Dec. 5, 2025) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  "The granting of [a] stay normally lies within the discretion of the district court." *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 2019 WL 977916, at *2 (D. Utah Feb. 28, 2019) (quoting *Pet Milk v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).

"When deciding to exercise its inherent power to stay, the court considers: '(1) whether the stay would promote judicial economy; (2) whether the stay would avoid possible inconsistent results; and (3) whether the stay would not work undue hardship or prejudice against the plaintiff.'" *TravelPass Grp., LLC v. Benjamin & Bros., LLC*, 2017 WL 2841221, at *2 (D. Utah July 3, 2017)

---

[3]   Plaintiff's Complaint likewise contains many other references to APT's alleged "sham" litigation without express reference to the Attorney's Fees Order. *E.g.*, Compl. ¶¶ 3, 11, 15, 53–54, 67, 76–77, 79–82, 94, 105, 107–109, 112, 118, 124.

6

(citation omitted).[4]  These factors all support staying proceedings in this action pending resolution of the appeal of the Attorney's Fees Order.

**II.  A Stay Would Promote Judicial Economy and Avoid Possible Inconsistent Results.**

Plaintiff relies heavily on the Attorney's Fees Order to support its allegations.  *See* Compl. ¶¶ 4, 9–10, 29, 33, 47, 49, 62–63, 66, 73–75, 106, 133.  If the parties were to litigate these claims now, while the Federal Circuit considers the appeal of the Attorney's Fees Order, there is a risk of inefficiency and inconsistent results.  For instance, the parties will surely dispute whether Plaintiff's monopolization and attempted monopolization claims (Counts I and II) premised on APT's pursuit of its trade secrets claims in the prior litigation should be dismissed because Plaintiff cannot establish the "so-called 'sham exception' to" *Noerr-Pennington* immunity.  *Hydro-Tech Corp*, 673 F.2d at 1174.  The validity of the Attorney's Fees Order would be relevant to (although, as explained above, *supra* at 3 n.2, not dispositive of) that dispute, given that, to overcome Defendants' *Noerr-Pennington* immunity, Plaintiff must demonstrate that APT's claim was "so baseless that no reasonable litigant could realistically expect to secure favorable relief" when it was filed, and that the claim was filed "to interfere directly with the business relationships of a

---

[4]  As recognized in *Jensen*, "[c]ourts in this circuit, and indeed, even in this district, have taken varying approaches when addressing motions to stay."  2025 WL 3496597, at *3.  In certain contexts, when an applicant seeks a stay of an order pending its appeal of that order, courts apply a four-factor test, asking "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id.* (citation omitted).  For several reasons, including that the Attorney's Fees Order was issued in a separate case that Defendant Mastercard was not a party to, and that Defendants are not seeking a stay of that order but of these separate proceedings, the three-factor test outlined above applies to Defendants' motion.

competitor through the use of the governmental process." *Allergy Rsch. Grp. LLC*, 2022 WL 1004214, at *10 (citation omitted).

The Attorney's Fees Order's conclusions are critical to Plaintiff's other claims as well. For instance, Plaintiff's claims for wrongful use of civil proceedings and abuse of process (Counts III and IV), allege that APT pursued its prior litigation against Plaintiff for an ulterior purpose. *See, e.g.*, Compl. ¶¶ 131, 136. If the Federal Circuit were to reverse or modify the Attorney's Fees Order's conclusion that APT's claims in the prior litigation were pursued in bad faith, Plaintiff's allegations would be directly implicated. Similarly, Plaintiff alleges that APT and Mastercard interfered with its economic relationships (Count V) through "improper means," including the prior litigation against Plaintiff. *Id.* ¶ 142.

The affirmance of the Attorney's Fees Order would also impact this litigation. While the parties would still likely dispute whether *Noerr-Pennington* immunity applied, the parties' disputes, and briefing, will be more focused following the appellate ruling. Indeed, any briefing submitted by the parties while the appeal of the Attorney's Fees Order is still pending would likely need to be amended after the resolution of the appeal, as would any decision by this Court.

In short, "to have two adjudicative bodies simultaneously address claims involving the same facts and allegations is a significant waste of resources and creates the risk . . . [of] inconsistent results." *Belnap v. IASIS Healthcare Corp.*, 2017 WL 4351472, *3 (D. Utah Sept. 29, 2017). This risk could manifest itself in this litigation through, for instance, this Court holding that APT's past claims do not warrant *Noerr-Pennington* immunity, and the Federal Circuit holding that those same claims had merit, even if they were ultimately unsuccessful. To "avoid any motion practice and discovery that might ultimately be inconsistent with the [Federal] Circuit

order," the Court should stay proceedings in this case pending resolution of the appeal of the Attorney's Fees Order. *Jensen*, 2025 WL 3496597, at *5.

### III.    A Stay Would Not Prejudice Plaintiff.

There would be no prejudice to Plaintiff if this Court granted a stay. Proceedings have barely begun, and a stay would not meaningfully impact "any existing order issued by the court." *Jensen*, 2025 WL 3496597, at *5; *see also Consumer Fin. Prot. Bureau v. Acima Holdings, LLC*, 2024 WL 4581482, at *1 (D. Utah Oct. 25, 2024) ("[A] short delay in the briefing schedule for responsive pleadings at the early stages of this case will not unduly prejudice Plaintiff or the public."). Plaintiff has not pursued any preliminary injunctive or other expedited relief, nor would there be basis to do so.

Granting a stay also carries little risk of loss of evidence. To the extent there is any difference in witnesses' recollection of events after the stay as compared to now, the difference is likely to be marginal. Eyewitness evidence is also unlikely to prove especially critical to Plaintiff's claims, which largely revolve around discovery responses, pleadings, and motions that have already been filed and served in a prior case. Similarly, because of that past litigation, Defendants have already instituted litigation holds preserving relevant documentary evidence.

Where, as here, a pending appeal in related litigation could impact an action, courts routinely stay the proceedings before them. *See, e.g.*, *Thompson v. Averill*, 2025 WL 472367, at *3 (N.D. Okla. Feb. 12, 2025) (granting motion to stay proceedings, including defendant's deadline to respond to amended complaint, pending resolution of appeals in related litigation); *Peterson v. Harrah's NC Casino Co.*, 2024 WL 3734250, at *1 (W.D.N.C. July 12, 2024) (granting motion to stay proceedings, including defendants' deadline to respond to complaint, pending

resolution of appeal in related litigation); *United States ex rel. Vermont Nat'l Telephone Co. v. Northstar Wireless, L.L.C.*, 2017 WL 11898169, at \*3 (D.D.C. Mar. 2, 2017) (same). This Court should do the same.

## CONCLUSION

Defendants respectfully request that proceedings in this case be stayed until the appeal of the Attorney's Fees Order is fully and finally resolved.

RESPECTFULLY SUBMITTED this 25th day of March, 2026

**PARR BROWN GEE & LOVELESS, P.C.**

*/s/ Sean M. Sigillito*
David C. Reymann
Sean M. Sigillito

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ William Michael*
William Michael (*pro hac vice* pending)
Brette Tannenbaum (*pro hac vice* pending)
Nina Kovalenko (*pro hac vice* pending)

*Counsel for Defendants*

10

## LOCAL RULE 7-1(a)(6) CERTIFICATION

I, Sean M. Sigillito, certify that Defendants' Motion to Stay contains 2,908 words and complies with DUCivR 7-1(a)(4).

*/s/ Sean M. Sigillito*
Sean M. Sigillito

11